## In re SOSSAMAN.

### No. 1949.

District Court, W. D. Arkansas,
Fort Smith Division.

June 6, 1941.

I. J. Friedman, of Fort Smith, Ark., for petitioning creditors.

Lem C. Bryan, of Fort Smith, Ark., for respondent Griffin Grocery Co.

MILLER, District Judge.

Three creditors in due time filed their petition with the referee in bankruptcy for a review of an order made by the referee on April 5, 1941, in which the referee dismissed an order previously entered commanding the Griffin Grocery Company to appear and show cause why it should not be required to turn over to the trustee in bankruptcy certain merchandise that it had received from the bankrupt on February 5, 1941. The referee thus found that the Griffin Grocery Company had not obtained a preference in the payment of the indebtedness due it by the bankrupt.

The creditors seeking a review of the order alleged that the actions of the bankrupt amounts to a preference in favor of the grocery company.

Oral testimony was presented at the hearing before the referee and he has filed a written opinion in which it is stated: "From the above testimony, it appears that this transaction in question has many of the characteristics of a voidable preference: (1) The transaction was completed within the period of four months prior to the adjudication in bankruptcy; (2) the merchandise was returned to the creditor in settlement of an antecedent debt; and, (3) the bankrupt was insolvent at the time the transfer was made; and, (4) the creditor thereby obtained a greater percentage of his debt than the other creditors, since the evidence showed this creditor was thereby paid in full while the other creditors will not be paid in full; however, one element essential—I should say vital—to constitute this transaction a voidable preference is lacking, and that is the fact that the creditor knew or had reasonable grounds to believe he was obtaining a preference at the time. In my opinion, the record wholly fails to disclose this element. It is true that the creditor had reasonable grounds to believe the bankrupt was insolvent but there is absolutely no evidence that the creditor knew it was obtaining a preference."

A referee's findings of fact are presumptively correct and they are to be accepted by the judge unless clearly erroneous. General Order 47, following Section 53, 11 U.S.C.A.

114

I do not find that the referee's findings of fact are erroneous and, therefore, I accept his findings of fact.

The referee's conclusions of law, under the facts as found by him, are erroneous. He declared as a matter of law that the creditor must have known or had reasonable grounds to believe that he was obtaining a preference at the time. Evidently the referee followed the case of Mansfield Lumber Company v. Sternberg, 38 F.2d 614, 616, decided by the Eighth Circuit Court of Appeals on February 6, 1930, in which the court said:

"As a prerequisite to recovery, it was necessary for the trustee to show amongst other things: (1) That there was a transfer of property by Nix to the Mansfield Lumber Company; (2) that the transfer was within four months prior to the filing of the petition in bankruptcy; (3) that Nix was insolvent at the time of the transfer; (4) that the enforcement of the transfer would enable the Mansfield Company to secure a greater percentage on its claim than other creditors of the same class; and (5) that the Mansfield Company knew this or had reasonable cause to believe it. Remington on Bankruptcy (3d Ed.) § 1630 et seq.; Mayes v. Palmer [8 Cir.], 208 F. 97; W. S. Peck & Co. v. Whitmer [8 Cir.], 231 F. 893."

The Bankruptcy Act of 1898 was in force at the time the decision was rendered in the Mansfield Lumber Company case, supra. Since that time the Act of 1898 has been amended by the Act of June 22, 1938, commonly known as the Chandler Act.

Subdivision (a) of Section 60 of the Chandler Act, 11 U.S.C.A. § 96, sub. a, provides: "A preference is a transfer, as defined in this Act [title], of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition in bankruptcy, or of the original petition under chapter 10, 11, 12, or 13 of this Act [title], the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

Subsection (b) of the same section provides: "Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent."

The referee found, and in my opinion, correctly so, "that the creditor had reasonable grounds to believe the bankrupt was insolvent." This being true, the preference obtained by the Griffin Grocery Company may be avoided.

 It is not necessary that a creditor know or have reasonable cause to believe that he is receiving a preference: (1) If he has reasonable cause to believe that the debtor is insolvent at the time of the transfer; (2) that the transfer was within four months prior to the filing by or against the bankrupt of a petition in bankruptcy; and (3) that by such transfer of property or money the creditor is enabled to obtain a greater percentage of his debt than some other creditor of the same class.

 Applying Section 60 of the Bankruptcy Act, approved June 22, 1938, 11 U.S.C.A. § 96, to the facts as found by the referee, it is clear that the Griffin Grocery Company did obtain a preference which should be avoided, and the trustee should recover the property received by reason of such transfer or if the property has been converted, its value should be paid to the trustee to be administered along with the other assets of the bankrupt estate.

It is, therefore, ordered that the petition for review be, and the same is hereby allowed, and the decision of the referee in this matter be, and the same is hereby, reversed and vacated, and the trustee is directed to proceed against the Griffin Grocery Company to recover the property involved or its value.