**ROSOF v. ROTH et al.**

United States District Court
S. D. New York.

Jan. 8, 1953.

A. Bernard King, New York City, for plaintiff.

Chauncey H. Levy and Sydney Basil Levy, New York City, for defendant.

WEINFELD, District Judge.

Plaintiff-trustee instituted this action to avoid and to recover an alleged preference paid to the defendant by the bankrupt within four months of the filing of the petition in bankruptcy. Section 60, subs. a and b, of the Bankruptcy Act, 11 U.S.C.A. § 96, subs. a and b.

The trustee of the bankrupt estate now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. To succeed on this motion, he must establish that "there is no genuine issue as to any material fact," as to which he has the burden of proof. In the instant case these are: (1) that the transfer was made within four months prior to the bankruptcy; (2) that the bankrupt was insolvent at the time of the transfer; (3) that the effect of the transfer will be to enable the defendant to obtain a greater percentage of his debt than any other creditor of the same class; and (4) that the defendant had reasonable cause to believe that the debtor was insolvent. Cusick v. Second National Bank, 73 App.D.C. 16, 115 F.2d 150; In re Sossaman, D.C., 39 F.Supp. 113; In re Venie, D.C., 80 F.Supp. 247.

Except as to the first element, the trustee has failed to meet this burden by satisfactory proof. No facts, books or records or any evidential matter are submitted to show insolvency on the date of the transfer, March 30th, 1950. The filing of the petition in bankruptcy on June 8th, 1950, less than four months thereafter, does not necessarily establish insolvency on the date of the transfer.

A further issue exists in view of the exchange of checks on the date of transfer, as to whether there was, in fact, a depletion of the estate and that defendant, by reason of the transaction, obtained a greater percentage than other creditors of the same class.

Finally, while the fact that the bankrupt's check was countersigned by one who acted as bookkeeper for both the plaintiff and the defendant, who also was an officer of the plaintiff, might lead to an inference that the defendant had reasonable cause to believe that the debtor was insolvent, in view of the denials in the opposing affidavit, an issue also exists as to this element.

The obliteration of the plaintiff's records relating to the ownership of stock in the bankrupt's corporation by the defendant's wife, while undoubtedly suspicious, does not necessarily establish that there is a well-grounded belief of the fact of insolvency on the part of the defendant. Cusick v. Second National Bank, supra, 115 F.2d at page 153. The issue is whether or not the defendant had reasonable ground to believe that the debtor was insolvent; the determination of this issue should not be made upon the inadequate affidavit here presented.

The situation here does not warrant a denial of a trial of the issues. Arnstein v. Porter, 2 Cir., 154 F.2d 464.

The motion is denied.

Settle order on notice.